**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                      No. 95-5155

RICKY LEE VANCE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, District Judge.
(CR-94-22)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis E. Jones, Lebanon, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant
United States Attorney, Julie M. Campbell, Assistant United States
Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ricky Lee Vance was convicted by a jury of use of a destructive device in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1995) (Count One); of attempted destruction of a building used in interstate commerce by means of an explosive, 18 U.S.C. § 844(i) (West Supp. 1996) (Count Two); of possession of an unregistered destructive device, 26 U.S.C. § 5861(d) (1988) (Count Three); and of receiving or transporting stolen explosive materials, 18 U.S.C. § 842(h) (1988). Vance was sentenced to a term of 360 months imprisonment for Counts Two, Three, and Four and to a mandatory consecutive 360-month term for Count One. Vance appeals his conviction on the ground of insufficient evidence. He also appeals his sentence, contending that the district court clearly erred in finding that he tried to hire a hit man to kill his wife after his conviction and in imposing consecutive 120-month sentences for Counts Two, Three, and Four. We affirm.

On April 23, 1994, an employee of Bristol Compressors in Washington County, Virginia, discovered a home-made bomb outside an employee entrance to the factory as he arrived for the 7:00 a.m. shift. The bomb consisted of seven sticks of dynamite, two blasting caps, a battery, and a clock. It was positioned close to a liquid oxygen storage tank. But for the fact that one of the wires connecting the clock and the battery had come loose, the bomb would have exploded before it was discovered. Two of Vance's fingerprints were found on the battery.

At Vance's trial, the government produced the following evidence. At the time the bomb was planted, Vance's wife was in the process of divorcing him and he was very upset that she was taking custody of his children and spending time with another man. Vance's ex-wife, Janet, testified that Vance had put a gun to her head some months earlier when she refused to reconcile with him. Two co-workers of Vance's testified that he had previously stated that he would like to kill his wife. After the bomb was found and dismantled, Vance told a third co-worker that he had put the bomb at Bristol Compressors, but that it had failed to go off. Linda Carpenter, whom Vance dated

2

for a while during April 1994, testified that she was with him a few days before the bomb was found when he bought a clock, a battery, and a can of spray paint, and subsequently constructed the bomb at her house. A break-in occurred in April 1994 at a Cumberland Plateau Planning Commission (CPPC) facility and three to nine sticks of dynamite were stolen. The date code on the dynamite in the bomb was the same as the date code on the dynamite stolen from CPPC. Vance worked for CPPC briefly in 1992 and came to the facility in early April 1994 looking for part-time work. The bomb was held together with cable ties of the same type used at the furniture factory where Vance was employed full-time. A pair of bolt cutters found in the storage shed behind the house where Vance formerly lived with his wife had been used to cut through the chain link fence around the facility.

Vance testified on his own behalf, denying all the incriminating statements attributed to him by his co-workers, denying his wife's allegation that he once put a gun to her head, and denying that he constructed a bomb at Linda Carpenter's house. He suggested that Janet Vance and the man she was seeing put the bomb at Bristol Compressors to frame him. He said he must have put his fingerprint on the bomb battery when he went with his son to the storage shed behind his wife's home a few days before the bomb was found, and moved a few items while getting some weed-eating string out of the shed.

A conviction must be sustained if there is substantial evidence, taken in the light most favorable to the government, to support a finding of guilt. Glasser v. United States, 315 U.S. 60, 80 (1942). The issue is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Vance argues that the evidence was insufficient because most of the evidence was circumstantial. We find that the evidence amply supports the jury's verdict.

At Vance's sentencing hearing, the district court heard testimony from Bobby Lowery, who was confined at the county jail where

3

Vance was held after his conviction. Lowery testified that Vance asked for his help in finding a hit man to kill his wife and promised to pay $20,000. The court reviewed a note in Vance's handwriting which Lowery turned over to authorities and subsequent tape-recorded conversations between Vance and Lowery, and between Vance and an undercover officer posing as a potential hit man. In the latter conversation, Vance stated that he was only interested in information about who had actually planted the bomb.

On the basis of this evidence, the court found that Vance's propensity for recidivism was not adequately accounted for by criminal history category I and departed upward under USSG § 4A1.3* to Category II. The court also departed upward on other grounds, increasing Vance's offense level from 30 to 39. The resulting guideline range for Counts Two, Three, and Four was 292-365 months. The court imposed a sentence of 360 months. Because the statutory maximum for each count is ten years, the court imposed consecutive sentences of 120 months for each of these counts.

Vance attacks the upward departure under USSG § 4A1.3 by contending that the district court clearly erred in finding that he tried to hire a hit man to kill his wife. A sentencing court may depart from the sentencing range under USSG § 4A1.3 if reliable information indicates that the defendant's criminal history does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit other crimes. We review under the clearly erroneous standard the district court's factual determination that such a factor is present. United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991). Because Lowery's testimony was confirmed by the note written by Vance, we find that the district court did not clearly err. Vance does not challenge the district court's decision to depart on this basis or the extent of the departure. Having determined that the total punishment for Counts Two through Four was 360 months, the court properly made the sentences consecutive to produce a combined sentence equal to the total punishment of 360 months. See USSG § 5G1.2(d).

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

4

In a pro se supplemental brief, Vance maintains that the indictment was defective with regard to each count charged. We find that each count properly charged a criminal act, gave the correct statutory cites, and adequately informed Vance of the charges against him.

We deny Vance's request for a transcript of the jury voir dire. Vance contends that one of the jurors was a roommate of a Bristol Compressors employee and that his attorney was ineffective in failing to question the juror about the matter. A defendant raising a post-trial claim of juror bias must demonstrate actual bias, proof of which usually requires a hearing. Smith v. Phillips, 455 U.S. 209, 215-18 (1982). Ineffective assistance claims are not considered on direct appeal unless conclusive evidence of ineffectiveness appears in the record. United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991). Both claims raised here would be better resolved in a motion filed under 28 U.S.C. § 2255 (1988).

We therefore affirm the conviction and the sentence. Vance's motion for leave to file a pro se supplemental brief is granted. His motion for preparation of a transcript of the jury voir dire is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED